UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLEISHMAN-HILLARD INC.

    Plaintiff,

Case No:

v.

GREYLIND CORP., and
RONALD WATSON, III,

    Defendants.

_____/

# COMPLAINT

Plaintiff, Fleishman-Hillard Inc., sues Defendants, Greylind Corp. and Ronald Watson, III, and alleges:

## Jurisdiction and Venue

1. This Court has subject matter diversity jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees.

2. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## Parties

3.     Fleishman-Hillard Inc. is a Delaware corporation with its principle place of business in St. Louis, Missouri, which provides public relations and marketing services, as well as public relations and marketing products. Accordingly, for diversity jurisdiction purposes, Fleishman-Hillard Inc.is a citizen of the state of Missouri.

4.     Ronald Watson, III is an individual residing and domiciled in Pinellas County, Florida and at all material times transacting business at 8200 Seminole Boulevard, Seminole, Florida 33772. For diversity jurisdiction purposes, Watson is a citizen of the state of Florida.

5.     Greylind Corp. was a Florida corporation with its principle place of business in Pinellas Court Florida. Watson voluntarily dissolved Greylind Corp. on or about August 17, 2020. For diversity jurisdiction purposes, Greylind Corp. is a citizen of the state of Florida.

6.     There is a complete diversity of citizenship between the Plaintiff and the Defendants.

## General Allegations

7.     Watson formed Greylind Corp. as a Florida corporation on or about June 27, 2019 with Watson as its sole shareholder.

4828-4009-0845, v. 1

8. Watson dominated and controlled Greylind Corp. to such an extent that its independent existence, was in fact non-existent and he was in fact the alter ego of the corporation.

9. Upon information and belief, Greylind failed to follow corporate formalities.

10. Upon information and belief, Greylind and Watson comingled their corporate and personal affairs.

11. Watson inadequately capitalized Greylind Corp.

12. Watson used Greylind as a mere device or sham to defraud Plaintiff into providing services for which neither he nor Greylind had any intention to pay.

13. Watson voluntarily dissolved Greylind Corp. on August 17, 2020.

14. On or about July 10, 2020, Watson, as chairman, CEO, and founder of Greylind Corp. executed a Letter of Agreement ("LOA") and a Scope of Work ("SOW") (collectively, the LOA and SOW are the "Contract") with Plaintiff. A true and accurate copy of the Contract is attached as **Exhibit A**.

15. Pursuant to the Contract, Plaintiff agreed to provide certain services to Greylind Corp., and Greylind Corp. agreed to pay for such services, professional fees, expenses, and third-party costs by making monthly installment payments to Plaintiff.

16. The term and monthly payment installments under the Contract ran from July 1, 2020 through July 31, 2021, but the Contract expired on October 31,

4828-4009-0845, v. 1

2020 due to Defendants failure to execute the contractually required Service Agreement.

17. Watson did not advise Plaintiff until November 9, 2020 that he dissolved Greylind Corp., well after Plaintiff had commenced work and performed work under the Contract for several months.

## COUNT I
### (Breach of Contract)

18. Plaintiff realleges paragraphs 1 through 17 herein.

19. Plaintiff performed all its obligations under the Contract.

20. Defendant Greylind Corp. is in breach of the Contract because it failed to make all payments when due.

21. On November 4, 2020, Plaintiff advised Defendants of the default under the Contract for non-payment.

22. Because Watson dissolved Defendant Greylind Corp. on or about August 17, 2020, Watson had an obligation to wind up its operations and not incur additional obligations or debt.

23. Since Watson failed to comply with his obligations and requirements under Florida law, he became personally liable for the obligations and debt of Defendant Greylind Corp. under the Contract.

24. Despite demand, Defendants failed and refused, without justification or explanation, to pay the outstanding balance due on the Contract.

25. Defendants are liable to Plaintiff for damages equal to the invoices submitted by Plaintiff to Defendants pursuant to the Contract in the principal sum of $1,058,848.72. A true and accurate copy of the invoices are attached as **Composite Exhibit B**.

26. Plaintiff is entitled to prejudgment interest at the statutory rate for the total sum due under the Contract from November 4, 2020, the date demand was made to Defendants.

27. All conditions precedent to the filing of this action have been met or have occurred or have been waived.

WHEREFORE, Plaintiff, Fleishman-Hillard Inc. respectfully requests judgment against Defendants, jointly and severally, in Count I, for damages in the principal amount of $1,058,848.72 together with prejudgment interest, costs, and such other relief as this Court deems proper.

## COUNT II
**(Quantum Meruit)**

28. Plaintiff realleges paragraphs 1 through 17 and paragraphs 22 and 23.

29. Plaintiff provided Defendants services as outlined on the Contract.

30. Defendants owe Plaintiff a total of $497,537.00 for the reasonable value of services rendered between July 1, 2020 and October 31, 2020. Payment was due on a monthly basis pursuant to the terms of the Contract.

31. As a result of Defendants' failure to pay the reasonable value of the goods and service provided by Plaintiff, Plaintiff has been damaged in the principal sum of $497,537.00 together with interest at the statutory rate from November 4, 2020.

32. All conditions precedent to the filing of this action have been met or have occurred or have been waived.

WHEREFORE, Plaintiff, Fleishman-Hillard Inc. respectfully requests judgment against the Defendants, jointly and severally, in Count II for damages in the principal amount of $497,537.00 together with prejudgment interest, costs, and such other relief as this Court deems proper

## COUNT III
**(Unjust enrichment)**

33. Plaintiff realleges paragraphs 1 through 17 and paragraphs 22 and 23 herein.

34. Plaintiff conferred a benefit upon Defendants in the form of providing various services to Defendants pursuant to the Contract.

35. Defendants knowingly received the benefit of the services provided by Plaintiff in the total sum of $497,537.00.

36. Defendants accepted and retained this benefit without paying the value thereof which, under the circumstances, is inequitable and results in the

unjust enrichment to the Defendants and damages to Plaintiff in the amount of $497,537.00.

37. Plaintiff is entitled to prejudgment interest at the statutory rate for the total sum due from November 4, 2020.

38. All conditions precedent to the filing of this action have been met or have occurred or have been waived.

WHEREFORE, Plaintiff, Fleishman-Hillard Inc. respectfully requests judgment against the Defendants, jointly and severally, in Count III for damages in the principal amount of $497,537.00 together with prejudgment interest, costs, and such other relief as this Court deems proper.

## COUNT IV
**(Fraudulent Misrepresentation against Defendant Watson)**

39. Plaintiff realleges paragraphs 1 through 17 and paragraphs 22 and 23 herein.

40. At the time Ronald executed the Contract on behalf of Greylind Corp with Plaintiff in July 2020, he represented that Greylind Corp. was an active business and would remain active throughout the term of the Contract.

41. Watson knew this representation was false.

42. The representation was false because Watson dissolved Greylind Corp. on or about August 17, 2020.

43. Watson intended that Plaintiff rely upon said representation in entering into the Contract.

44. Plaintiff reasonably relied upon said representation which was material in Plaintiff agreeing to the Contract with Defendant Greylind Corp. and agreeing to provide services to Greylind Corp.

45. As a result of Watson false representation, Plaintiff has been damaged in the principal sum of $1,058,848.72.

46. Plaintiff is entitled to prejudgment interest at the statutory rate for the damages Plaintiff has sustained from July 10, 2020.

WHEREFORE, Plaintiff, Fleishman-Hillard Inc. respectfully requests judgment against the Defendant Ronald Watson, III, in Count IV, for damages in the principal amount of $1,058,848.72, together with prejudgment interest, costs, and such other relief as the Court deems proper.

*/s/ Pedro F. Bajo, Jr.*
Pedro F. Bajo, Jr.
Lead Trial Counsel
Florida Bar No. 966029
Email: pedro.bajo@bajocuva.com
James C. Mooney
Florida Bar No. 011668
Email: jmooney@bajocuva.com
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel: (813) 443-2199
Fax: (813) 443-2193
*Attorneys for Fleishman-Hillard Inc.*

4828-4009-0845, v. 1